Mr. Justice Clayton
delivered the opinion of the Court.
•This was a bill filed in the Superior Court of Chancery by the appellant, stating that he had in the year 1835 sold a certain house and lot in the city of Natchez, to the defendant Gridley, for the sum of $7500, and had taken a mortgage upon the premises to secure the payment of the purchase-money. After the money became due, and there had been a failure of payment, he filed a bill of foreclosure in the Circuit Court of Adams county, and obtained a decree for the purpose, at its October term, 1838. By the decree, M. Izod, the sheriff of Adams county, was appointed to make the sale ; he'proceeded to do so, sold the premises to James R. Kane in January, 1839, and took his bond payable in six months, in pursuance of the decree, with Francis Little and Thomas Mac-kin as his sureties, for the sum of $>3700. This bond he returned to the Court, and executed a deed to the purchaser for the lot, though the sale, according to the statement of the bill, was never confirmed. This bond was not paid, and after its maturity, execution issued upon it, which was levied, among other things, upon the same lot for which the mortgage was given. There were other executions also in the hands of the sheriff at the same time, founded on judgments of older date than that of Tooley. The money arising from the sale was brought into Court, and a motion made by Tooley to have it appropriated to his execution. This motion was overruled, and the money applied to the executions issued upon older judgments. Another execution issued', which was levied on property of Little and Mackin, but after the sale, and at the return term thereof it was quashed upon motion. A part of the property sold was purchased by Tooley, and the residue by other persons, who failed to comply with the conditions of the sale. When the lot originally mortgaged was sold under the execution against Kane, it was purchased by one McMasters, and by him conveyed to La-coste. The bill alleges, that the purchase of McMasters was col-orable and fraudulent, that he made no payment for it unless with., the money of Kane, and that Lacoste purchased it of McMasters with a full knowledge that the money due to Tooley was unpaid, and that McMasters had paid nothing for it, unless with the money of Kane. It also charges, that Lacoste paid nothing for it, and *514 that he holds it as trustee for Kane. That Izod never received the consideration from McMasters, nor did he advertise the sale according to law. The bill offers to surrender complainant’s deed to Mackin’s property, if the Court will set aside the sale to Kane. Prays that Kane, McMasters, and Lacoste, may be compelled to deliver up their deeds to be cancelled ; that the sale to Kane be set aside, and a re-sale directed ; that all the proceedings under the decree be set aside, and the decree regularly and duly enforced ; and, if necessary, that a certiorari be awarded to remove all the proceedings from the Circuit into the Superior Court of Chancery.
To this bill the defendants filed a demurrer, and assigned as causes, — 1. That improper parties were joined. 2. That the matter grew out of a proceeding in the Circuit Court on its Chancery side, and is part of a suit still pending there. 3. Tbat/ibe irregularity in the execution of the decree may be corrected in the Circuit Court. The Chancellor sustained the demurrer, and dismissed the bill for the want of jurisdiction ; from which order this appeal is taken.
At the commencement of the suit for the foreclosure of the mortgage, it was open to the complainant to have sought his remedy in either the Circuit Court or the Court of Chancery. ” He selected the former. He now seeks the aid of the latter, because of error or irregularity in the proceedings of the former, which has caused injury to him. The first error complained of, is, that the sheriff, who executed the order of sale, did not make advertisement, nor did he make report of the sale to the next term of the Court.
It does not very clearly appear from the bill, what is the present situation of the suit in the Circuit Court. If it is still pending, and there has been no confirmation of the sale, nor anything equivalent to it, then the sale of the sheriff under the decree is incomplete, and may be set aside in that Court. Confirmation of a report of sale is usually necessary to its validity. Ex parte Minor, 11 Ves. 559. The Circuit Court having jurisdiction to decree the foreclosure of mortgages, must have power to watch over the execution of its decrees, and to regulate all proceedings under them, until the case is finally disposed of. The Chancellor was of opinion that the cause was still pending, in such a state that the Circuit Court had power *515 to afford relief by setting aside the sale. See Tooley v. Kane, 1 Sme. & Marsh. Chancery Rep. 518.
But if,- as we are inclined to believe, the acts of the parties in this case amounted to a confirmation of the sale, and vested the title in Kane, the purchaser, still the complainant has no right to the relief sought in this bill. The decree itself is peculiar and informal. It directs the sheriff “ to sell the premises on a credit of six months, the purchaser thereof to give bond and sufficient sureties for the payment thereof, to execute a deed, for the same to the purchaser, to bring the moneys arising on said sale into Court, and to make, report of his proceedings thereon, with all convenient speed, and to pay over the amount due him to the complainant.” What is psually embraced in the interlocutory and final decrees together, is all here blended into one. The commissioner is directed to execute a deed, and to collect and pay over the money in the first instance, instead of retaining this part of the decree, as the subject of the final order. If the complainant had objected to the form, of this decree, for that cause, it would no doubt have been modified ■to suit his views, and put in the usual shape. If he had objected to thfe sale for want of notice, or for want of a good bond and sureties, the Court would no doubt have set it aside, upon the requisite proof. Now if the money had been collected and paid over, no one would contend that any farther confirmation was necessary to pass the title ; and yet the complainant has given his assent to the sale as fully by accepting the bond, and by issuing executions upon it after it ripened into judgment. A confirmation by the parties themselves, by their own acts, is as valid as if by the Court. To this extent the acts of the complainant have gone in this case. The terms of the decree were not objected to by him, the credit of six months was suffered to expire ; then he caused execution to issue upon the bond given upon the purchase, and which had the effect of a judgment. After a sale had taken place under this execution, and the money had been applied by the Court upon his own motion, he acquiesced in the judgment of the Court, and made no effort by appeal or writ of error to get it reviewed or reversed. When another execution issued, and a sale was made under it, he became the purchaser of property, and accepted a deed for it; and when *516 the execution was quashed, again acquiesced in the judgment. All these acts of confirmation surely bind him, and render the sale valid. This bill was filed in another Court, to get all these proceedings set aside, and to reinstate the complainant to the position which he occupied when the first decree was pronounced. The Chancellor was right in declining the exercise of any such jurisdiction. The Constitution has given no power to the Chancery Court to revise and correct the decisions of the Circuit Court on its Chancery side. Nor is it perceived, under what head of its original jurisdiction it can claim or exercise the power to set aside the whole or any part of the proceedings in another Court, which have transpired in a matter falling under.its legitimate cognizance. Irregularity in carrying the decree into effect confer no such authority. It was competent to the Circuit Court to pass upon and correct that matter; and it is not for a court of concurrent jurisdiction to interfere.
It is urged in argument, that the decree for a sale upon a credit was erroneous, because it impaired the obligation of the complainant’s contract, who had a right to have a sale for cash, and thus violated the Constitution. The mortgage was executed in 1835, and the law then in force in regard to sales upon credit, applied only to sales under decrees of the Superior Court of Chancery. H. & H. 512. The statute authorizing sales upon credit under decrees of foreclosure in the Circuit Court, and under which this sale appears to have been made, was not passed until 1838. If this objection had been urged at a proper time, it would have been entitled to much consideration. See Bronson v. Kenzie, 1 How. U. S. Rep.; Bumgardner v. Circuit Court, 4 Missouri Rep. 50; 1 Kent, Com. 418. The time, however, to urge it, was when the decree was made ; it was not the only time, but it was the most appropriate. If it had been urged and disregarded, he might have had it settled by the appellate tribunal. He did not do this ; he not only submitted to the terms of the decree without any expression of dissatisfaction, but he tacitly adopted and ratified the sale, by issuing two executions upon the bond given by the purchaser, and by claiming the proceeds of those executions. Unless the sale was incapable of ratification by subsequent confirmation, it would be *517 a great stretch of power to attempt to annul it. So far as the sale to Kane is in controversy, the action of the Circuit Court, we think, is conclusive, because the complainant has confirmed it by his own acts ; and it is equally so, in regard to the appropriation of the money produced by the sale under execution, because no appeal or writ of error was taken from the decision.
The bill embraces too many objects and parties. It mingles matters over which the Court clearly has no jurisdiction, with some of which, if standing alone, it might take cognizance. Thus, if the lot really belongs to Kane, and McMasters and Lacoste are in effect but trustees for him, the complainant, upon a bill filed for the purpose, after a return of nulla bona upon his execution, might subject it to his debt.
It may be worthy of inquiry, too, whether in a sale under a decree of foreclosure, upon credit, a lien similar to a vendor’s lien is not retained by the Court as ultimate security, or whether it requires an express reservation in the decree to produce that effect. See Armiger v. Iglehart, 1 Bland, 519. We throw out the, suggestion without having formed any definite opinion. If the lien exist, the mortgagor need not be a party in the bill filed to carry it into effect. The matters settled by the first decree, and'the regularity and propriety of the proceedings under it, could not again be brought into litigation in the Superior Court of Chancery, because beyond its jurisdiction. It would be an original proceeding, not calling into question the proceedings of the Circuit Court, but endeavoring to enforce rights growing out of such decree. These remarks are made only to point out the limits of our opinion, so as not to mislead the party, or preclude him from any remedy or relief to which he may be entitled.
The decree of the Court below will be affirmed, and the bill dismissed without prejudice.
Note. The decision delivered in.the Superior Court of Chancery by the Hon. Robert H. Buckner, Chancellor of the State, when this case was before him, upon the demurrer to the bill, will be found reported in the 1st Vol. Srnedes & Marshall’s Chancery Reports, 518, to which the profession is referred.